**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JERMON WILLIAMS, # 310157,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 14-cv-314-JPG** |
| ) | |
| **SEAN ADAMS, OFFICER CRAIG,** ) | |
| **PACO, and CAHOKIA POLICE DEPT.,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**GILBERT, District Judge:**

Plaintiff, who is currently being detained at St. Clair County Jail, filed a complaint on March 10, 2014 alleging various constitutional violations pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA").  (Doc. 1).

The complaint (Doc. 1) comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  For the following reasons, the Court finds that the complaint fails to articulate an actionable claim against any of the named Defendants at this time and shall be dismissed without prejudice.  Defendants Paco and the Cahokia Police Department shall be dismissed with prejudice.

**The Complaint**

In the caption of the complaint, Plaintiff names as Defendants Detective Sean Adams, K-9 Officer Craig, "Paco," and the Cahokia Police Department.  The body of the complaint does not allege, with any specificity, what actions each Defendant took against Plaintiff.  Rather, the complaint simply asserts that Plaintiff is bringing the action against:

> the above officers and Police dept. for failure to demonstrate the search and seizure procedures and U.S Const., Amend. IV & XIV. Section six of Illinois Constitution.  That the above defendants searched my property with out my consent are warrant, that lead to public criticism, stress, jail time, broadcasting in the newspaper to the public eye which lead to embarrassment and humiliation.

(Doc. 1, p. 1) (grammatical errors in original).  Plaintiff's complaint states that he is seeking damages pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA").[1]

**Discussion**

In order to sufficiently state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Although Plaintiff claims a violation of his Fourth and Fourteenth Amendment rights, his complaint fails for the following reasons.

First, Plaintiff names "Paco" as a Defendant in this case.  While the Court cannot be certain, the single name and reference to the K-9 unit leads the Court to believe that Paco is a dog.  As for now, § 1983 applies only to a "person" who acts under color of state law. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  While a dog may be man's

---

[1] In an action arising under the FTCA, the United States of America is the only proper defendant.  *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994).  Plaintiff has not named the United States as a defendant nor has he alleged any facts supporting a claim against the federal government.  Therefore, Plaintiff has not alleged any claims that could be raised under the FTCA.  The Court will focus its analysis on Plaintiff's § 1983 claims.

best friend, a dog is not considered a "person" and cannot be sued under § 1983.  *See Dye v. Wargo*, 253 F.3d 296, 298-300 (7th Cir. 2001).  As such, Paco is dismissed with prejudice.

Likewise, the Cahokia Police Department is not a suable entity and must be dismissed from this action with prejudice.  A police department is not a suable entity apart from the city. *See West By and Through Norris v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997).  Plaintiff makes no mention of a municipal policy or practice in his complaint, and therefore, the Court sees no reason to substitute in the City of Cahokia.  In litigation under § 1983 a municipality is not vicariously liable for the constitutional torts of its employees but is answerable only for the consequences of its policies. See *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Therefore, the Cahokia Police Department will be dismissed with prejudice, and the City of Cahokia will not be added in its place.

Finally, while Defendants Adams and Craig *may* be proper defendants, Plaintiff has not provided any facts to support his claims against either of these individuals.  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  Finally, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*,

143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.")

Plaintiff provides no details regarding the involvement of either Detective Adams or K-9 Officer Craig in the alleged warrantless search.  As such, this Court is unable to determine whether Plaintiff has an actionable claim against either Defendant Adams or Craig.  Therefore, the complaint shall be dismissed without prejudice.  However, Plaintiff shall be allowed an opportunity to submit an amended complaint, in order to present any factual allegations that may exist to support a claim against Defendants Adams and Craig.  The amended complaint shall be subject to review pursuant to § 1915A.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the entire case shall be dismissed with prejudice, and the dismissal shall count as a strike pursuant to § 1915(g).

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **PENDING** and shall be addressed by the Court in a separate order.

**Disposition**

For the reasons stated above, the complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  Defendants **PACO** and **CAHOKIA POLICE DEPARTMENT** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support a Fourth or Fourteenth Amendment claim against Defendants Adams and Craig, within 35 days of the entry of this order (on or before May 7, 2014).  Plaintiff is reminded that he must allege facts demonstrating how each individual is directly responsible for the alleged constitutional

deprivation.   An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.   *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).   The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.   Should the First Amended Complaint not conform to these requirements, it shall be stricken.   Failure to file an amended complaint within 35 days of the date of this order shall result in the dismissal of this action with prejudice.   Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: April 2, 2014**


_**s/ J. Phil Gilbert**_
United States District Judge