**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JERMON WILLIAMS, # 310157,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-314-JPG** |
| | ) | |
| **SEAN ADAMS, OFFICER CRAIG,** | ) | |
| **PACO, and CAHOKIA POLICE DEPT.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On March 10, 2014, Plaintiff filed a complaint against Defendants alleging various constitutional violations pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA"). (Doc. 1).

On April 2, 2014, the Court dismissed the complaint for failure to articulate an actionable claim against any of the named Defendants. (Doc. 5). Defendants Paco and the Cahokia Police Department were dismissed with prejudice. Defendants Adams and Craig were dismissed without prejudice and Plaintiff was given leave to file an amended complaint as to Defendants Adams and Craig. Plaintiff was instructed to file an amended complaint stating facts supporting Plaintiff's claims against Defendants Adams and Craig within thirty-five (35) days of the Court's Order dismissing the case (i.e., by May 7, 2014). Thirty-five (35) days have since passed. The Plaintiff has not filed an amended complaint.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir.

1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

*s/J. Phil Gilbert*
United States District Judge